UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PRESTON GIULIANO CAPITAL
PARTNERS LLC dba JWC Naples
701 LLC,

    Plaintiff,

v.                                Case No: 2:18-cv-531-FtM-29CM

UNDERWRITERS AT LLOYD'S
LONDON, INDIAN HARBOR
INSURANCE COMPANY, QBE
SPECIALTY INSURANCE COMPANY,
STEADFAST INSURANCE COMPANY,
GENERAL SECURITY INDEMNITY
COMPANY OF ARIZONA, UNITED
SPECIALTY INSURANCE COMPANY,
LEXINGTON INSURANCE COMPANY,
PRINCETON EXCESS AND SURPLUS
LINES INSURANCE COMPANY,
INTERNATIONAL INSURANCE
COMPANY OF HANNOVER SE, and
OLD REPUBLIC UNION INSURANCE
COMPANY,

    Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of defendants' Amended Notice of Removal of Civil Action (Doc. #8) filed on August 20, 2018, in response to the Court's *sua sponte* Order (Doc. #7). The Court directed defendants to supplement the Notice of Removal (Doc. #1) to correct the allegations as to plaintiff, and for Underwriters at Lloyd's to clarify if it is an underwriting syndicate.

**A. Federal Question**

In the Amended Notice, defendants argue for the first time that a federal question exists because a valid arbitration clause that falls under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards[1] supports jurisdiction under 28 U.S.C. § 1331 and 9 U.S.C. § 205. Title 9, United States code, Section 208 provides that the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1-16, applies to arbitration agreements under the Convention to the extent that the FAA does not conflict with either the Convention or its implementing legislation. Beiser v. Weyler, 284 F.3d 665, 666 (5th Cir. 2002). "Section 205 provides for broad removability of cases to federal court." Outokumpu Stainless USA, LLC v. Converteam SAS, No. 17-10944, 2018 WL 4122807, at *4 (11th Cir. Aug. 30, 2018).

Under 9 U.S.C. § 205, a defendant may "at any time before the trial" remove an action if the state court case "relates to an arbitration agreement or award falling under the Convention." Although "[t]he procedure for removal of causes otherwise provided by law shall apply. . . ", cases have construed 9 U.S.C. § 205 as

---

[1] "An arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial, including a transaction, contract, or agreement described in section 2 of this title, falls under the Convention." 9 U.S.C. § 202.

eliminating the 30 day time constraint under 28 U.S.C. § 1446. McDermott Int'l, Inc. v. Lloyds Underwriters of London, 944 F.2d 1199, 1212 (5th Cir. 1991); Sheinberg v. Princess Cruise Lines, Ltd., 269 F. Supp. 2d 1349, 1351 (S.D. Fla. 2003); Azevedo v. Carnival Corp., No. 08-20518-CIV, 2008 WL 2261195, at *4 (S.D. Fla. May 30, 2008).

In this case, defendants are invoking § 205 in an amended notice of removal after having failed to raise this basis in the original removal. As in Bradshaw Constr. Corp. v. Underwriters at Lloyd's, London, No. 15-24382-CIV, 2016 WL 8739603 (S.D. Fla. Jan. 8, 2016), defendants are attempting to raise a new theory in an amended notice that a federal question exists based on the arbitration clause. This ground could have been asserted in the original Notice of Removal, but was not raised. Employers Ins. of Wausau v. Certain Underwriters At Lloyd's, London, 787 F. Supp. 165, 169 (W.D. Wis. 1992).

Defective allegations in a notice of removal may be amended to more sufficiently state subject-matter jurisdiction, Firemen's Ins. Co. of Newark, N.J. v. Robbins Coal Co., 288 F.2d 349, 350 (5th Cir. 1961)[2], however, the failure to raise a ground for removal

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

within 30 days of service of the complaint means such theory is deemed waived, Bradshaw Constr. Corp. v. Underwriters at Lloyd's, London, No. 15-24382-CIV, 2016 WL 8739603, at *4 (S.D. Fla. Jan. 8, 2016). Defendants rely on Sheinberg to argue that § 205 is a timely argument, however in Sheinberg the Convention was raised in the original removal, and defendant "moved within 26 days to correct their Notice of Removal." Sheinberg v. Princess Cruise Lines, Ltd., 269 F. Supp. 2d 1349, 1353 (S.D. Fla. 2003).

The Court will not consider this theory as a basis removal that does not relate back to the original removal more than 30 days after service, and is therefore untimely.[3] The Court notes that a Motion to Stay Proceedings and to Compel Arbitration (Doc. #6) remains pending.

**B. Diversity**

Defendants indicate that a "portion of the Policy" is subscribed to by Syndicate 510, an unincorporated association, with Tokio Marine Kiln Syndicates Limited as the "managing agent" and Tokio Marine Kiln Group Limited as the "majority corporate

---

[3] The Court recognizes that if the case had been removed in the first instance on the basis of the Convention, assuming it does indeed apply, defendants could have removed the case at any time before trial. But see Employers Ins. of Wausau, 787 F. Supp. at 169 ("Under general removal law, respondents would not be permitted to remove this case a second time."). In this case, the original removal was based on diversity.

member" registered in England and Wales. (Doc. #8, p. 7.) Hannover is identified as a German corporation with its principal place of business in Germany. All other defendants are citizens of the United States. (Doc. #1, ¶¶ 9-15, 17.)

In the Certificate of Interested Persons and Corporate Disclosure Statement (Doc. #10), Underwriters at Lloyd's London identifies certain underwriters, including Syndicate 510, Syndicate 33, which is registered in Bermuda, and QBE UK, which is owed by an Australian insurer. Attached to the Notice of Removal is a Syndicate List (Doc. #1-1, p. 31) which includes many more that are not identified elsewhere. Unincorporated associations "do not themselves have any citizenship, but instead must prove the citizenship of each of their members to meet the jurisdictional requirements of 28 U.S.C. § 1332." <u>Underwriters at Lloyd's, London v. Osting-Schwinn</u>, 613 F.3d 1079, 1086 (11th Cir. 2010). In this case, the Amended Notice only identifies Syndicate 510 as an unincorporated association, and further fails to identify the citizenship of <u>all</u> members. Therefore, the allegations are insufficient to support a diversity of citizenship.

Accordingly, it is hereby

**ORDERED:**

Defendants shall show cause why the case should not be remanded for lack of subject-matter jurisdiction, within **SEVEN (7) DAYS** of this Order.

**DONE and ORDERED** at Fort Myers, Florida, this ___31st___ day of August, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record